# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-01488-ACL |
| ) | |
| JOAN M. GILMER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented plaintiff Jermaine Cortez Pate, an incarcerated person at Moberly Correctional Center, to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review of the amended complaint, the Court will dismiss the amended complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement for the six-month period preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). Plaintiff's inmate account statement shows an average monthly deposit of $8.50. Having reviewed the information contained in the application and the inmate account statement, the Court will assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Amended Complaint

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against defendant Joan M. Gilmer, the Clerk of Court of the St. Louis County Circuit Court, alleging defendant violated plaintiff's constitutional rights by not filing a petition for writ of mandamus. Plaintiff sues defendant only in her official capacity.

Plaintiff states that the writ was not filed because "defendant was negligent by not fully examining the content(s) of the envelope." Plaintiff also alleges that on November 29, 2021, defendant returned plaintiff's petition with a detailed letter explaining that plaintiff must include a motion and affidavit request to proceed as a poor person.

For relief, plaintiff seeks damages for negligent infliction of emotional distress and an undetermined amount of punitive damages.

## Discussion

Plaintiff's case is subject to dismissal for failure to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. *See* 42 U.S.C. § 1983.

Here, plaintiff sues defendant only in her official capacity as Clerk of the St. Louis County Court. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However,

"neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not established any liability on the part of St. Louis County for the alleged conduct. For this reason, plaintiff's amended complaint against the Clerk of the St. Louis County Circuit Court is dismissed on initial review.

Additionally, even if plaintiff were to sue defendant in her individual capacity, such a claim would also be subject to dismissal on initial review. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. Cty. of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotation marks and citations omitted); *see Geitz v. Overall*, 62 F. App'x 744, 746 (8th Cir. 2003) ("Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule.").

Attached to plaintiff's amended complaint is a letter written by Patrick J. Horgan, Legal Counsel for the Circuit Clerk. In his letter, Mr. Horgan explains in detail why plaintiff's submissions were returned without filing. In each instance, Mr. Horgan states that the filings violate the Missouri Prisoner Litigation Reform Act. *See* ECF No. 3-1. In particular, plaintiff has not included a certified copy of his offender's correctional center account statement or has not filed a motion and affidavit request to proceed as a poor person. *Id.* Thus, according to the letter attached to plaintiff's amended complaint, the denial of his submissions were taken by the clerk

according to a court rule. Such an act is discretionary, and thus defendant is entitled to absolute immunity. *See Geitz,* 62 F. App'x at 746.

Because plaintiff cannot state a cognizable claim against defendant under § 1983, the case will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's "request to proceed without submission of certified copy of account statement for good cause" is **DENIED as moot** as plaintiff has filed his certified account statement. [ECF No. 6]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement the amended pleading is **GRANTED**. [ECF No. 8]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 5]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of May, 2022.

                                                  _____
                                                  STEPHEN N. LIMBAUGH, JR.
                                                  SENIOR UNITED STATES DISTRICT JUDGE